## MARTHA DONALDSON *vs.* CITY OF BOSTON.

In an action against a city for injuries caused by an obstruction in the highway, evidence that the obstruction was in the highway on the day before, and had been removed at night, is irrelevant and inadmissible.

In an action against a city for a defect in a highway, the judge declined to instruct the jury that notice to some of the principal citizens who were taxpayers might be reasonable notice to the city of the defect; and instructed them that, in order to prove such reasonable notice, it must appear that the officers of the city having charge of the streets — such as the mayor, aldermen, superintendent of streets or policemen — had actual notice of the defect, or that the defect had continued so long or been so notorious that if such officers or citizens passing had done their duty, the officers would have known it; but the jury might consider whether the defect was of such a nature that passers by, who saw it, would have been likely forthwith to have informed said officers of its existence. *Held,* that the plaintiff had no ground of exception.

ACTION OF TORT for injuries received from falling into a plumber's furnace, about a foot high and a foot in diameter, placed on the sidewalk in Southac Street in Boston.

At the trial before *Hoar*, J., the plaintiff, for the purpose of proving reasonable notice to the defendants, introduced evidence tending to show that the furnace was placed on the sidewalk at about half past seven o'clock in the morning, and remained there until about nine o'clock, when the injury was received; and that between those hours a very large number of citizens of Boston passed through the street; and the furnace, standing in or near the middle of the sidewalk, with a fire in it, obstructed their free passage.

The plaintiff further offered to prove that the furnace was in the same place, with a fire in it, on the afternoon before, from two till seven o'clock; that it was used on both days for the same piece of work, which was done in a grocer's shop, close by; that the police officer, whose duty it was to pass through the street, and to remove or complain of all obstructions, was accustomed at that time to pass through that part of the street between eight and nine o'clock in the morning, and at certain hours in the afternoon. But there was no affirmative evidence that he did pass through the street that day. The defendants objected to the evidence offered, and the judge excluded it.

The defendants called a police officer, who testified that the place in question was in his beat, and that he saw the furnace before the accident, on the day it happened. On cross-examination, he was asked if he did not, at or near the time, make certain admissions as to his being in the street, and seeing the furnace the afternoon before, and supposing that the plumbers had a license to place it in the street; and answered that he had no recollection of such a statement, but that if he did make it, it was true. The plaintiff then called a witness to prove that the policeman did make such statements; but the judge excluded the evidence.

The plaintiff contended that notice to some of the principal citizens of Boston, who were taxpayers, might be reasonable notice to the defendants. But the jury were instructed "that in order to prove reasonable notice to the defendants of the alleged defect, it must appear that the officers of the city having charge of the streets — such as the mayor, aldermen, super-

intendent of streets or policemen — had actual notice of the defect, or that a defect which had obstructed travel must have continued so long, or been so notorious, that, if such officers had done their duty, or citizens passing had done their duty, they would have known it; and upon the question of notoriety, the jury might consider whether the obstruction of travel was of such a nature that if citizens, passing by, had seen it, they would have been likely to have forthwith informed such officers of its existence." The jury returned a verdict for the defendants, and the plaintiff alleged exceptions.

*G. H. Preston*, for the plaintiff. 1. The conversation which the witness did not recollect, being relevant and material, might be proved by other witnesses. 1 Greenl. Ev. § 462, note. Stark. Ev. (8th Amer. ed.) 241. 2 Phil. Ev. (4th Amer. ed.) 959. *Crowley* v. *Page*, 7 Car. & P. 791. *Smith* v. *People*, 2 Mich. 415.

2. If any citizens of Boston saw, or had knowledge of, the defect in the street, whether they did their duty or not, by complaining of such defect to the proper officers, the city had sufficient notice. *Springer* v. *Bowdoinham*, 7 Greenl. 442. *Frost* v. *Portland*, 2 Fairf. 271. *French* v. *Brunswick*, 21 Maine, 29 *Tuell* v. *Paris*, 23 Maine, 556. *Mason* v. *Ellsworth*, 32 Maine, 271.

*F. Haven, Jr.*, (*J. P. Healy* with him,) for the defendants.

BIGELOW, C. J. Evidence that the furnace had been in the same place on the sidewalk of the street, upon the day previous to the accident, was irrelevant and immaterial to the issue. If it occasioned a defect or obstruction, its removal at nightfall abated the nuisance, and the defendants were then in no default in the performance of their duty. The street was safe and convenient until the furnace was again placed within its limits on the next day. But this was a separate and independent act, by a person acting under no authority or license from the defendants, occasioning a new obstruction to public travel, which had no necessary connection with that existing on the day previous, and of which the acts done on the day previous could give no notice, either actual or constructive, to the defendants. Existence of a previous defect or nuisance, which has

been removed, has no tendency to prove a subsequent one, or to show notice to the city that another similar obstruction will be created. It was therefore incompetent for the plaintiff to show any facts in relation to the use of the furnace within the limits of the street on the day before the accident occurred.

For the same reason, the plaintiff could not prove the statements made by the police officer. They related solely to the fact of his seeing the furnace on the day previous; and being irrelevant and immaterial, it was not competent to contradict them for the purpose of impeaching his credit. It is only on matters material to the issue, that the statements of a witness can be contradicted.

Upon the question of notice to the town, the instructions were correctly stated and properly guarded. The statute requires reasonable notice to a city or town of the existence of a defect, in order to render them liable to an action for damages. Mere proof of notice to one or more of the inhabitants does not establish the requisite notice, because it is not their duty to repair the defect or remove the obstruction. The facts must be such as to lead to the inference that the proper officers of the town, whose duty it is to attend to municipal affairs, did actually know of the existence of the defect, or with proper vigilance and care might have known it. Such knowledge may be inferred from the length of time during which the defect has existed, from the central position and publicity of the place where it exists, and any other circumstances which tend to show its notoriety. In the present case, taking into view the nature of the alleged defect, and the brief time during which it had existed, we are of opinion that the instructions were sufficiently favorable to the plaintiff. See *Reed* v. *Northfield*, 13 Pick. 98.

*Exceptions overruled.*