JOHN REHBERG, Appellant, v. THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

Where a municipal corporation omits to act with reasonable diligence after notice of an unlawful obstruction in a street which might occasion injury to persons lawfully thereon, it is no defense to an action for injuries so occasioned that it was not known to the corporation that the obstruction was in fact dangerous.

In an action to recover damages for injuries sustained by plaintiff in consequence of the falling upon him of a pile of brick in one of defendant's streets, it appeared that the bricks were placed in the street without the permission of the city authorities by a contractor engaged in tearing down a building adjoining the street. The pile was constructed in a dangerous manner, without proper braces and was built to an improper height. The pile was commenced a week before the accident and had reached the safety limit as to height four or five days before. The charter of the city (§ 17, sub. 4, chap. 335, Laws of 1873) authorizes the common council to enact laws preventing obstructions to streets, and prohibits obstructions except " the temporary occupation thereof during the erection or repair of a building on a lot opposite the same." The police force of the city are also charged by statute with the duty at all times to remove nuisances existing in the public streets. (§ 29, chap. 403, Laws of 1864.) By a city ordinance the incumbering or obstructing a street without the consent of the mayor or street commissioners is prohibited. A policeman assigned to duty in the precinct saw the pile from time to time as it was going up, but it did not appear that he interfered or sought to ascertain whether any permit had been granted, or that he notified any officer or department of the city government of its existence. Plaintiff offered to prove that regulations had been made prescribing the height to which brick might be piled in the streets, under the permission of the proper bureau ; this was rejected and plaintiff was nonsuited. *Held* error ; that it was to be assumed that regulations had been made, as plaintiff offered to prove, and that the policeman assigned to duty at the place knew of them ; that while the policeman might have been justified in supposing that the contractors had a permit, he ought to have known, when the pile exceeded

the height which safety permitted, they were not acting within the scope of any authority ; that notice to the policeman of the unlawful character of the obstruction was notice to the city and it is chargeable with any neglect on his part ; that as to whether there was time for the city, using reasonable diligence, to have removed the obstruction after such notice and before the injury, was a question of fact for the jury.

(Argued November 13, 1882 ; decided January 23, 1883.)

APPEAL from judgment of the General Term of the Court of Common Pleas in and for the city and county of New York, entered upon an order made June 6, 1881, which affirmed a judgment in favor of the defendant, entered upon an order nonsuiting plaintiff on trial.

This action was brought to recover damages for injuries received by plaintiff caused by the falling upon him of a pile of bricks which had been placed in a street of the city by contractors engaged in taking down a building upon a lot adjoining the street.

The material facts are stated in the opinion.

*George N. Sanders* for appellant. All facts are to be presumed most favorable to plaintiff. (*Clemence* v. *City of Auburn*, 6 N. Y. 334, 338 ; *Cook* v. *N. Y. C. R. R.*, 1 Abb. Ct. of App. Dec. 432, 433 ; *Kellogg* v. *N. Y. C. & H. R. R. R. Co.*, 79 N. Y. 74 ; *Stackus* v. *Same*, id. 466 ; *Stillman* v. *Lewis*, 49 id. 385 ; *Thurber* v. *H. B. M. & F. R. R. Co.*, 60 id. 326, 331 ; *Schofield* v. *Hermandes*, 47 id. 316 ; *Colt* v. *Sixth Ave. R. R. Co.*, 49 id. 671.) The brick pile was patently dangerous, and the city chargeable with actual notice through the police, and also with constructive notice. (*Hume* v. *The Mayor*, 71 N. Y. 264, 269, 275 ; *Reinhart* v. *Mayor of New York*, 2 Daly, 243, 251 ; *Weed* v. *Village of Ballston Spa*, 76 N. Y. 329, 336 ; *Todd* v. *City of Troy*, 61 id. 506, 507 ; *McDermott* v. *City of Kingston*, 6 Abb. N. C. 246 ; *Howe* v. *City of Lowell*, 101 Mass. 199 ; *Donaldson* v. *Boston*, 16 Gray, 508–9–11 ; *S. C.*, 82 Mass. 508, 509, 511 ; *Thurber* v. *H. B. M. & T. R. R. Co.*, 60 N. Y. 323–331 ; *Bills* v. *N. Y. C. R. R. Co.*, 84 id. 5, 10 ; *Willis* v. *L.*

*I. R. R. Co.*, 34 id. 679.) The city is liable for injuries from public nuisance, negligently permitted. (2 Dillon on Mun. Corp. [3d ed.], § 730, p. 722, note 1; 12 Ind. 515; Laws of 1873, chap. 335, § 17, subd. 4; *Hume* v. *Mayor*, 74 N. Y. 270; *Drake* v. *City of Lowell*, 13 Metc. 292; *Norristown* v. *Moyer*, 67 Penn. St. 355, 366, 367; *Willy* v. *Mulledy*, 78 N. Y. 310–314; *Irvine* v. *Wood*, 51 id. 224, 228; *Clifford* v. *Dam*, 81 id. 56; *Congreve* v. *Smith*, 18 id. 82; *City of Rochester* v. *Montgomery*, 72 id. 66, 67, 68, 69; *Ring* v. *City of Cohoes*, 77 id. 83–89; 85 id. 627.) The excluded regulations of the proper city department as to height, etc., of the piles of brick, were relevant. (1 Special and Local Laws N. Y. City, pp. 281–2, §§ 70, 72, subd. 8; *Wood* v. *N. Y. C. & H. R. R. R. Co.*, 70 N. Y. 195–201.)

*Samuel Hand* for respondent. It is not enough to take the case to the jury that there be evidence therein which, considered by itself, and without reference to the other testimony in the case, might be sufficient to authorize the inference of negligence on the part of the defendant. (*Somer* v. *Meeker*, 25 N. Y. 361; *Deyo* v. *N. Y. C. & H. R. R. R. Co.*, 34 id. 9; *Rudd* v. *Davis*, 7 Hill, 529; *Davis* v. *Third Ave. R. R. Co.*, 41 N. Y. Sup. Ct. 35; *Wilds* v. *H. R. R. R. Co.*, 24 N. Y. 433; *Toomey* v. *Ry. Co.*, 91 Eng. Com. Law Rep. 148.) If all the evidence taken together is equally consistent with the conclusion that the accident was occasioned by the neglect of the defendant, as with the conclusion that the accident was occasioned by the act of a third party, without neglect of duty on the part of the defendant, then it was proper to dismiss the complaint. (*Cotton* v. *Wood*, 98 Eng. Com. Law Rep. 566; Wharton on Negligence, § 238; *Baulec* v. *N. Y. & H. R. R. Co.*, 59 N. Y. 356; *Hart* v. *H. R. B. Co.*, 84 id. 57; *Riceman* v. *Havemeyer*, id. 647; *Reynolds* v. *N. Y. C. R. R. Co.*, 58 id. 248.) The piling of bricks in the street for building purposes is a lawful and necessary use of the street. (Laws of 1873, subd. 4, § 17, chap. 335; Dillon on Municipal Corporations, §§ 581, 585; *People* v. *Cunningham*, 1 Denio, 524; 1 Thompson on Negligence, 353.) To entitle plaintiff to

submit his case to the jury the proof must authorize the jury to find that the pile of bricks in question was so insecurely constructed that it fell by reason of such unsafe construction, and that the defendant had either express or constructive notice of the unsafe condition of the pile. (*Masterton* v. *Mt. Vernon*, 58 N. Y. 394; *Smith* v. *The Mayor*, 66 id. 295; *McCarthy* v. *Syracuse*, 46 id. 197; *Hume* v. *The Mayor*, 47 id. 646; *Mayor* v. *Sheffield*, 4 Wall. 189; *Colby* v. *Westbrook*, 57 Me. 181; *Hart* v. *Brooklyn*, 36 Barb. 226; *Griffin* v. *The Mayor*, 5 Seld. 546; *Donlon* v. *Clinton*, 33 Iowa, 397; *Garrison* v. *New York*, 5 Bosw. 497; Dillon on Municipal Corporations, § 797; 2 Thompson on Negligence, 762.) The brick pile having been safely and lawfully constructed in the street, the defendants were not bound to anticipate and guard against the acts of third parties which might render it unsafe. (*Parker* v. *Cohoes*, 10 Hun, 534; 74 N. Y. 610; *Gorham* v. *Cooperstown*, 59 id. 660; *Dougherty* v. *Waltham*, 4 Gray, 596.) Hence, even if the brick pile was defectively constructed, the testimony is not sufficient to charge the defendant with notice of its unsafe condition. (*Hart* v. *City of Brooklyn*, 36 Barb. 229; *Gorham* v. *Cooperstown*, 59 N. Y. 660; *Dorlan* v. *City of Brooklyn*, 46 Barb. 604; Dillon on Mun. Corp., § 1006 [3d ed.], p. 1019; 74 N. Y. 268.) The pile of bricks had not been completed long enough for notice of its condition, if it was dangerous, to be implied against the defendant, or to fix upon it the duty of observing its condition and causing it to be made safe. (Laws of 1873, chap. 335, subd. 6, 8, § 72, p. 503; *Birdsall* v. *Russell*, 29 N. Y. 220, 249; *Scheibel* v. *Fairbairn*, 1 Bos. & Pul. 288; *Tindall* v. *Brown*, 1 Term R. 167; *Furman* v. *Haskin*, 2 Caines, 368, 371; *Sice* v. *Cunningham*, 1 Cow. 397, 408; *Vreeland* v. *Hyde*, 2 Hall, 429, 431; *Mohawk B'k* v. *Broderick*, 10 Wend. 304; *Van Trot* v. *McCulloch*, 2 Hilt. 272; *Herrick* v. *Woolverton*, 41 N. Y. 581; *Tilt* v. *LaSalle S. Manuf. Co.*, 5 Daly, 19; *Holbrook* v. *Burt*, 22 Pick. 546, 555; *Pratt* v. *Farrar*, 10 Allen, 519, 521; *Bassett* v. *Brown*, 105 Mass. 551, 567; *Haskell* v. *Varinka*, 111 id. 84, 85; *Williams* v. *Powell*, 101 id. 417,

469; *Masterton* v. *Mt. Vernon*, 58 N. Y. 391.)    The nature of the accident and the appearance of the pile, as sworn to by the policeman whose duty it was to observe the same, is such as to establish conclusively that any defect in the construction of the pile was revealed only at the time when the accident happened. (*Smith* v. *Mayor*, 66 N. Y. 275; *McCarthy* v. *Syracuse*, 46 id. 194.)    The care required of a municipal corporation with reference to obstructions placed by others in streets, is and should be much less in degree than would be exacted of a person or corporation who had constructed or maintained ways, tracks, streets or other structures for his or its own benefit, and with a view to its own pecuniary advantage or profit. (*Hill* v. *City of Boston*, 122 Mass. 344, 351, 360; *Bartlett* v. *Crozier*, 17 Johns. 430.)

ANDREWS, Ch. J.    We are of opinion that this case should have been submitted to the jury.    It is well settled that in determining the correctness of a nonsuit, the plaintiff is entitled to the most favorable inferences deducible from the evidence, and all contested facts are to be deemed established in his favor.    The pile of bricks, the falling of which caused the injury of which the plaintiff complains, was an unlawful structure. It was not only placed in the street by private persons, without the permission of the city authorities in direct violation of the city ordinance, but it was constructed in a dangerous manner, with insufficient walls, without proper bracing, and of improper height.    The walls were formed by two tiers of brick, and the pile was liable to fall from the outward pressure of the loose brick, which were thrown into and filled the hollow space within the walls.    Braces were placed at intervals in the walls, but they did not lap, and were not fastened at the corners as was usual and proper.    The pile was made by contractors engaged in taking down a building adjoining the street.    It was composed of bricks taken from the old building, and was from thirteen to fifteen feet high.    The plaintiff proved by builders that old bricks, with more or less mortar clinging to them, like those composing the pile in question, could not be safely piled

higher than eight or nine feet. The plaintiff at the time of the injury, was engaged in making an excavation in the street, for the foundation of one of the piers for the elevated railway. It was claimed on the trial that the falling of the bricks was caused by the undermining of the pile by this excavation. The evidence of the defendant upon this subject was controverted, and it must be assumed that this was not the cause of the accident. The accident occurred on Monday, May 5, 1879, between eleven and twelve o'clock in the forenoon. The pile was completed May 3d. It was commenced on or before Monday, April 29th, and the evidence would have warranted the finding that it had reached the safety limit as to height, as this limit was fixed by the plaintiff's witnesses, as early as Wednesday or Thursday previous to the accident. It was shown by a policeman who was assigned to duty in the precinct, that he saw the pile from time to time while it was going up, "but took no particular notice of it." It does not appear that he interfered to prevent its erection, or sought to ascertain whether any permit had been granted to the persons building it, or that he notified any officer or department of the city government of its existence. The plaintiff proved by the superintendent of incumbrances that he had supervision of permits issued by the city for piling bricks or other building material in the city streets, but the court excluded the plaintiff's offer to show by him that there was a uniform regulation prescribing the height of piles of brick allowed to be constructed. The court also struck out under exception, the testimony of a witness who saw the pile of bricks, that it appeared unsafe, but permitted him to state in detail the special indications of danger.

The liability of municipal corporations for injuries sustained by persons lawfully using the public streets, in consequence of defects or obstructions therein, springs from the duty imposed upon them by law to keep them in repair, and in a safe condition for use. But this duty is relative and not absolute. Where the defect or obstruction which has caused the injury was created or placed therein by the unlawful and unauthorized act of

persons not officers of the city, the duty of the city to repair the defect or remove the obstruction, only arises after actual notice of its existence, or after such a lapse of time as would justify the imputation of negligence, if the defect or obstruction had not been discovered, and what is such reasonable time, is a question for the jury. (*Hume* v. *The Mayor*, 47 N. Y. 640; *S. C.*, 74 id. 264; *Reed* v. *Northfield*, 13 Pick. 94; 2 Dillon on Mun. Corp., § 1026.) The charter of the city of New York (Laws 1873, chap. 335, § 17, subd. 4) authorizes the common council to enact ordinances to prevent encroachments upon, or obstructions to the streets, and prohibits the common council from permitting any encroachments upon, or obstruction of the streets, except " the temporary occupation thereof during the erection or repair of a building on a lot opposite the same." The charter also creates a bureau of incumbrances, within the department of public works, and a chief officer thereof, to whom all complaints of incumbrances in the streets are to be made, and who is authorized to remove them (§ 72, subd. 8). The police force of the city are also charged by statute with the duty at all times to remove nuisances existing in the public streets, and enforce ordinances relating to police, public health or criminal procedure (Laws of 1864, chap. 403, § 29). Section 29 of the statute referred to, is embraced in the rules for the government of the police, and the attention of the members of the force is particularly directed to it. By one of the city ordinances, the incumbering or obstructing any street, wharf or pier, by any person with any article or thing whatever, without the consent of the mayor, or street commissioners, is prohibited under a penalty. It will be seen that the law recognizes that the use of the streets of the city for the placing therein of building materials, may be lawful; but the subject is placed under the regulation and control of the common council, and it must be assumed, in view of the evidence offered by the plaintiff and rejected, that regulations had been made prescribing the construction and height to which brick might be piled in the streets, under the permission of the proper bureau having

charge of that subject. Presumably, therefore, also the policeman assigned to duty where the pile of bricks was placed, understood the regulations under which such permits were granted. For, on the contrary presumption, the city might reasonably be charged with negligence in not informing policemen charged with the duty of protecting the streets against unlawful obstructions, of the regulations prescribed by the proper authority. It is also a reasonable inference that the regulations upon this subject, prohibited a construction of the character of the one in question, which was dangerous in fact and which exceeded in respect to height the limit of safety, as shown by the evidence on the part of the plaintiff. If the policeman might have been justified in supposing in the first instance that the contractors in placing the bricks in the street, were acting under a permit from the bureau of incumbrances, he must have known, or ought to have known when it exceeded the limit which safety permitted, that they were not acting within the scope of any authority conferred upon them. Notice to the policeman of this unlawful obstruction was, we think, notice to the city, and the city is chargeable with any neglect on his part to make proper observation or inquiry, or for any negligence in permitting the obstruction to exist. Whether in view of the distribution of municipal powers, or the methods of municipal business, and the time which would be required by the city after notice to cause the obstruction to be removed, the city acted with reasonable diligence after notice to the policeman of its existence, and whether there was time after such notice, to have removed the obstruction before the happening of the accident, was a question of fact for the jury, to be determined upon all the circumstances of the case. The question presented is not free from difficulty, but we are of opinion that the case ought to have been submitted to the jury upon the question of negligence on the part of the defendant. If the city omitted to act with reasonable diligence after notice of an unlawful obstruction in the street, which might occasion injury to persons lawfully therein, we think it would be no defense that it may not have known that the obstruction was

in fact dangerous. The duty rested upon the city to remove the incumbrance; and if the incumbrance was dangerous in fact and resulted in injury to the plaintiff, the city is, we think, responsible, although it had not by actual examination and inspection ascertained its dangerous character. (*Norristown* v. *Moyer*, 67 Penn. St. 355; *Donaldson* v. *City of Boston*, 82 Mass. 508.)

The judgment should be reversed and a new trial granted.

All concur, except RAPALLO, J., absent.

Judgment reversed.