*Charles H. Page*, for plaintiff.
*O. L. Bosworth*, for defendant.

ELIZABETH A. BOWMAN *vs.* BENJAMIN TRIPP, City Treasurer
of the City of Providence.
MARIA L. SMITH *vs.* THE SAME.
GEORGE H. PAGE *vs.* THE SAME.

The improper admission of evidence which is merely cumulative to evidence properly admitted of an undisputed fact is no reason for a new trial.

A. and B. were injured by driving into a pile of gravel in a highway, and brought suit against the town in which the highway was situated. At the trial a surgeon who treated them im-

mediately after the accident testified that they "smelled of liquor," and that "he thought they had been drinking." Another witness testified that he had been bathing their heads with rum.

*Held*, that the evidence of this other witness was properly admitted.

The pile of gravel had been accumulating in the highway during an afternoon. To establish the negligence of the town authorities, the plaintiff introduced in evidence the police regulations of the town which made it the duty of the police patrolmen to note and report without delay all obstructions in the street.

*Held*, that the evidence was properly admitted. Had the police patrol performed its duty the obstruction could have been made innocuous.

DEFENDANT'S petition for a new trial.

*July* 14, 1883. CARPENTER, J. These are actions for damages for injuries caused by an obstruction in a public highway of the city of Providence. The accident happened at about seven o'clock in the evening, and was caused by a pile of gravel against which was driven the carriage belonging to one of the plaintiffs and in which the other plaintiffs were seated. There was one lantern hanging from the handle of a shovel which was thrust into one end of the pile of gravel. In order to show that this light was insufficient for the purpose the plaintiffs proved, against the objection of the defendant, that a police officer, subsequent to the accident, put additional lights on the pile of gravel. We do not find it necessary to decide whether this evidence was properly admitted, since the same fact was proved, without objection and in legitimate cross examination, by the testimony of George H. Dary, who caused the lights to be placed; and as it was not disputed, the improper admission of evidence merely cumulative could have worked no injury to the defendant.

The defendant called Dr. Peckham, who testified that he was present shortly after the accident in the house to which the female plaintiffs had been carried, and that they smelled of liquor and he thought they had been drinking. For the purpose of rebutting this evidence the plaintiffs were allowed to introduce the testimony of Frank C. Safford, who testified that he was present and that he bathed the heads of the two women with rum. We think the testimony was properly admitted. The statement, if believed, might in part account for the opinion of Dr. Peckham without assuming that the plaintiffs had been drinking, and would thus have a bearing on the question of contributory negligence.

It appeared that the pile of gravel was accumulating in the

street from two o'clock to twenty minutes past five o'clock.   In order to prove that the defendant was notified of the obstruction, the plaintiff offered in evidence two sections of the police regulations passed by the board of aldermen, which has authority to make regulations for the government of the police, and argued to the jury that the defendant should be held to have had notice, since the officers of the police if they obeyed the rules would have known the existence of the obstruction.   The sections are as follows :

" 89.  Immediately after roll call the patrolman going out on duty shall repair to his beat and continuously patrol every part thereof as often as once each hour if practicable until the time assigned for the expiration of his tour of duty and he is regularly relieved ; and he shall confine his patrol within the limits of his beat, except in case of fire, arrest of a prisoner, or other necessary absence or duty."

" 98.  He shall note all street and sidewalk obstructions and defects therein, from which accidents may occur, removing them when practicable ; all places for which temporary permits are granted for buildings, or when openings or excavations are being made, and not suffer them to be continued without examining the permits authorizing the same, and shall cause suitable accommodations to be provided for the public travel ; all coal holes left exposed or insecure ; all street lamps not lighted at proper times, or too early extinguished, when not cleaned or not giving sufficient light ; all wooden buildings erected or being erected contrary to law, or any building defectively built or become unsafe : all places where noisome, dangerous, or unwholesome trade is carried on; and all nuisances and other matters relating. to the safety and convenience of the public or to the interest of the city, which may exist or occur on his beat, and shall make report thereof without delay to his sergeant or captain."

We think the proof was properly admitted.   If the policeman on the beat had followed the rules, he would have observed the obstruction in the street and would have reported the same without delay, and there would have been sufficient time to take such measures as would protect careful travellers against danger.   *Rehberg* v. *Mayor &c. of New York*, 91 N. Y. 137.

The petition for a new trial will be denied and dismissed with costs.                                             *Petition dismissed.*

*Benjamin N. Lapham & Charles H. Page,* for plaintiffs.

*Nicholas Van Slyck,* City Solicitor, for defendant.