JOHN B. KUNZ, as Administrator, etc., of GEORGE W. KUNZ, Deceased, Respondent, *v.* THE CITY OF TROY, Appellant.

*Negligence — when no recovery can be had for an accident to a child, because its own negligence was the proximate cause — city of Troy — liability of, for negligence of its policemen.*

The plaintiff's child, a boy about five or six years old, was playing with two other children on the sidewalk, in one of the defendant's streets. An ordinary bar counter had been placed along the side of a house by the owner thereof, the lower part of which, where it rested on the sidewalk, was on a line parallel to and distant several inches from the wall of the house. It had been standing there for several days, and had been seen by some of the police force on duty in the city. The evidence tended strongly to show that the counter was overthrown by the act of the child in meddling with or playing upon it. In falling it struck the child, who received injuries therefrom which caused the child's death.

*Held*, upon the ground that the act which injured the child was not shown to be the act of the city, and, also, upon the further ground that the omission of duty imputable to the city — that is, its neglect to have the counter removed from the sidewalk — was not so gross, culpable nor voluntary as to attach the whole blame to the city, or excuse the child from intermeddling with the counter, that a verdict in favor of the plaintiff should be reversed.

*It seems*, that as the policemen in the city of Troy are appointed by the police commissioners, who, although appointed by the common council, are only removable by the Supreme Court, the police department is not the agent of the city, and the latter is not liable for omissions of duty on the part of the policemen. (Per LANDON, J.)

APPEAL from a judgment, entered upon the verdict of a jury, rendered upon the trial of this action at the Rensselaer Circuit, held in May, 1884, and from an order denying the defendant's motion for a new trial.

The plaintiff's intestate, a little boy between five and six years of age, on the 23d day of April, 1881, met with an accident on Federal street, in the city of Troy, by the falling of a bar counter upon him, from the effects of which he died within three or four hours afterwards. The plaintiff resided with his family on River street, which runs north and south through the city parallel with the Hudson river, and is intersected by Federal street, which runs directly east and west. He worked for one Kolbe, whose place of

business was on Federal street. There is a large brick building on the south-east corner of River and Federal streets, which was occupied by Thomas McLaughlin, who kept a saloon there. The McLaughlin building extends back from River street sixty feet to a private alley, which is ten feet wide. On the sidewalk and against the McLaughlin building there stood erect a sideboard or back-bar, such as is used in saloons for placing bottles and glasses on, and against this sideboard there leaned an ordinary bar counter. The sideboard and counter were owned by McLaughlin. As the counter leaned against the building the bottom of it extended out, about on a level with the south side of the flagstones, and there was an open space of several inches between the bottom of the counter thus extended and the sideboard. During this twenty-third day of April the plaintiff's boy and two other children, all of about the same age, were playing on this sidewalk and around the counter, when suddenly a noise was heard, the counter fell outwards on to the walk, and the Kunz child was taken from under it bleeding and unconscious.

*William J. Roche*, for the appellant.

*Smith, Fursman & Cowen*, for the respondent.

LANDON, J.:

The burden was upon the plaintiff to establish the proposition that his child was killed by the negligence of the defendant, and also to establish the proposition that neither his own, nor the negligence imputable to the child, contributed to its death. The evidence tends strongly to the conclusion that the counter was overthrown by the act of the child in intermeddling with it or playing upon it, and the plaintiff has given no evidence tending to repel this conclusion. The negligence of the defendant has, therefore, not been shown to be the sole cause of the child's death. The defendant may have been negligent in allowing the counter to remain upon the sidewalk, and not negligent in the act which caused it to fall upon the child; in other words, the act of the child and not the negligence of the defendant may have been the proximate cause of its death.

If it was the act of the child, and assuming, as was done on the trial, that the child was *non sui juris*, then the defendant cannot

be made liable in the absence of proof of voluntary or culpable negligence. (*Hartfield* v. *Roper*, 21 Wend., 615.) Many cases recognizing the rule in *Hartfield* v. *Roper*, have sustained recoveries in favor of the infant upon the ground that the negligence of the defendant was so voluntary and positive as to be the real *causa causans.* As was said in *Ihl* v. *Forty-second Street Railroad Company* (47 N. Y., 323), " the conduct of the infant may have an important bearing on the question of the defendant's negligence, but when the latter is *clearly* negligent, contributory personal negligence on the part of an infant, obviously not *sui juris*, cannot be alleged." (See, also, *Mangam* v. *Brooklyn R. R. Co.*, 38 N. Y., 455 ; *McGarry* v. *Loomis*, 63 id., 104 ; *Thurber* v. *Harlem*, *B. M. and F. R. R. Co.*, 60 id., 326.)

All the negligence charged against the defendant in this case is constructive, imputable because it did not discover and remove this counter which a third person had placed along the side of a building upon the sidewalk. The placing the counter upon the sidewalk was the voluntary negligence of a third person. Not discovering and not removing it, seems under the circumstances to lack that degree of culpability which attaches to the affirmative act of placing it there. A counter placed upon a sidewalk and leaning back against a building is not so suggestive of danger as a hole or uncovered area in the sidewalk of a city, or too high a pile of bricks carelessly heaped up. (*McGuire* v. *Spence*, 91 N. Y., 305 ; *Rehberg* v. *Mayor*, Id., 137.) The counter would be expected only to be dangerous from the act of an intermeddler ; the hole or area is a trap for the unwary ; the high, loose pile of bricks a constantly impending danger. Upon the ground then that the act which injured the child was not shown to be the act of the city, and also upon the ground that the omission of duty imputable to the city was under the circumstances neither gross, culpable nor voluntary, to the degree necessary to attach the whole blame to the city and excuse the child from intermeddling with the counter, we think this judgment should be reversed.

The plaintiff was permitted to prove, against the objection of the defendant, that the policemen of the city daily patrolled the street upon which the counter was placed and that one of the policemen had observed it before the injury. The court refused to instruct the jury

that notice to a policeman of an obstruction in a public street or sidewalk is not notice to the city, and did instruct them that notice to a policeman was one of the elements which the jury have a right to take into account in determining whether the city had notice. Upon the question of constructive notice to the city it was competent to show when the counter was placed upon the sidewalk; how long it had been there and how conspicuous it was, and a policeman could give this evidence as well as another. But a jury would naturally infer that the knowledge of the policeman was the knowledge of the city, and the defendant, in order to be protected against so damaging an inference, was entitled to the instruction that notice to the policeman was not notice to the defendant, unless the policeman was the agent or officer of the city. Such is not the case in the city of Troy. Under the laws organizing the police department (chap. 328, Laws 1880), as amended by chapter 76, Laws 1881, the common council appoint the police commissioners. These commissioners are not amenable to the city, but are removable only by the Supreme Court. The commissioners appoint the policemen, and have the power of removal for cause. It is the duty of the policemen to observe and execute the laws of the United States, of the State, the rules and regulations of the board of police commissioners and the ordinances of the city. Following the case of *McKay* v. *City of Buffalo* (9 Hun, 401; affirmed, 74 N. Y., 619), we think it must be held that the police department of Troy is a creation under the laws of the State for the purpose of securing public order, and is not the creation of the city and is not its agent. The case of *Rehberg* v. *Mayor* (91 N. Y., 137) seems to have been decided with reference to the laws peculiar to New York city.

If the liability of a municipal corporation for negligence arises, as was said in *Weet* v. *Brockport* (16 N. Y., 171), because "the surrender by the government to the municipality of a portion of its sovereign power, is a consideration for the implied undertaking on the part of the municipality to perform the duties which its charter imposes," then the control and exercise by the government of that portion of the power which it confides to the police, would seem to exempt the municipality from liability on account of the omissions of duty upon the part of the policemen.

Judgment reversed and new trial granted, costs to abide the event.

On the first ground, LEARNED, P. J., and BOOKES, J., concurred.

Judgment and order reversed, new trial granted, costs to abide event.