Mayham, J.
The appellant insists that the judge, at the trial, erred in refusing to non-suit the plaintiff, on the ground that the plaintiff had failed to prove that there was no contributory negligence on her part.
We think the evidence in this case was sufficient to justify the submission of that question to the jury as a .question of fact.
It is true that the plaintiff testified that she knew of the icy condition of the sidewalk, that she had seen it on a previous occassion and avoided it by passing along the middle of the street, and that she saw it at the time of the injury, and that she saw it as she turned from Pearl to Wilson street, it ran from Pearl down to the third house. This knowledge was enough to require her to exercise caution, and the law seems to be well settled that a party ■who is apprised of danger and exposure to injury must ■exercise care, or be chargeable with contributory negligence which will prevent a recovery. Salter v. Utica and Black River R. R., 75 N. Y., 276.
*520 Such knowledge would doubtless cast upon the plaintiff the onus of proving care, and producing evidence on her part to relieve her from the legal imputation of contributory negligence. But this evidence was met by proof in the case by the plaintiff, that she wore on that occasion new rubber shoes, and that she walked very carefully. This evidence, while perhaps it might have been excluded as a conclusion of the witness if objected to, was received without objection, and constitutes evidence in the case which the jury had a right to consider, and if they found with the plaintiff upon that evidence, the court would not interfere to set aside the verdict for the want of evidence to uphold-it. It, therefore, under the circumstances of this case, became a question of fact, which it was the duty of the judge to submit to the jury.
In Evans v. City of Utica, the court of appeals say: “The question whether the plaintiff was chargeable with contributory negligence was a question of fact which was properly submitted to the consideration of the jury, and unless it is apparent that the finding of the jury was # entirely unauthorized, there is no valid reason for holding that there was error in this respect.” 69 N. Y., 168.
In that case the facts are somewhat similar to those of the case at bar. The action was for injury by falling on an icy sidewalk. The plaintiff saw and had knowledge of the ice before he fell, and talked with his travelling companion about it, remarking that it was very slippery. The defendant upon this evidence moved to non-suit the plaintiff on the ground of contributory negligence, which was refused. And the court of appeals held that it presented a question of fact for the jury.
In Pomfrey v. Saratoga (34 Hun, 609), this court, Peckham, J., says: “ Whether plaintiff was guilty of negligence in seeking to pass over the obstruction even where she saw it, was a question of fact.” And this doctrine in the case last, cited has been sustained in the court of appeals. To the-same effect is Bullock v. City of N. Y. (1 East. Rep., 170; also 99 N. Y., 654). Within these and the great current of authorities in this state, we think the motion for non-suit, on the ground of contributory negligence was properly denied.
It is also insisted on the part of the appellant that there-was no evidence of notice to the defendant, either actual or constructive, that this sidewalk was in an icy and dangerous' condition, and that the plaintiff ought not for that reason to recover.
The case does not show actual notice of the condition of the walk to the defendant, and as the defendant asked the-court to nonsuit the plaintiff, on the ground that there was. *521 no proof of notice to the city of the condition of the street) it is important to inquire whether the dangerous or slippery condition of the walk was so apparent and notorious and of such long standing as to be constructive notice to the defendant sufficient to authorize the submission of that question to the jury. Julius Mende, one of the plaintiff’s witnesses, testified that the condition of that walk at and about that time was icy; the ice extended from the corner of North Pearl street, down Wilson, extending past three houses; saw it on Sunday, and then a couple of nights before the Thursday the day of the injury; it had been therefor a number of days. Henry Fitch, another of plaintiff’s, witnesses, testified that he went over this walk occasionally a dozen times a day; the day Mrs. Thomson fell it was in a, very bad condition, very slippery that day in the afternoon; saw children skating on the sidewalk with ice skates every day from two or three days before that. Ella Lyons, another of plaintiff’s witnesses, testified to sliding there two or three days before plaintiff was injured. Plaintiff testified to ice there, two days before the injury. Burns, swears that there was no precipitation of rain or snow to produce ice on or after the twenty-seventh of February up to and including the fourth of March.
We think the evidence sufficient to take the case to the-jury upon that question as one of fact. It is true that this, theory was corroborated by evidence as to the condition of this walk offered by the defendant, but as that tended to-present a disputed question of fact, it was proper for the-consideration of the jury.
We think this case much stronger on rhe question of constructive notice than that of Muller v. City of Newburgh, relied upon by the defendant. In that case, snow-had fallen on Thursday, which was softened by rain and then frozen, and the injury occurred on Sunday following; and the court say: “We cannot say that it had remained so long as to become notorious or to justify the inference of notice to the municipal authorities that it was there,” and upon the question of its notoriousness the court adds: “In fact the -plaintiff testified that he walked down and up there the day before and did not see the ice on the pavement.”
In Todd v. City of Troy, the court hold, that after a. street has been out of repair so that the defect becomes public and notorious to those traveling the street, and the. city has had opportunity to repair the same, the law imputes notice and charges it with negligence. Rehberg v. City of New York, 91 N. Y., 137; Todd v. Troy, 61 id., 509.
And in Rehberg v. City of New York the court holds *522 that the question whether the city had time to remove the danger after notice was a question of fact properly submitted to the jury. In Kenny v. City of Troy, the court uses the following language, “A smooth, slipping surface may be dangerous to travelers, and such condition of danger should be remedied in a case like the present, or liability for injury to him, because if it would follow, so be it that the city had notice, actual or constructive and in due time after notice omitted to remedy it * * * the injured traveler himself being far from fault. I am clearly of the opinion that this case was for the jury on the proof.” And in the same case Learned, J., says: “I think great difficulty will be found if the courts attempt to declare as law what time the obstruction must have existed in order to permit the question of notice to go to the jury.”
Nor do we think the judge erred in not charging in the language of the defendant’s second request to charge; the request was to lay down an abstract proposition which may have been correct in itself, but which we think was sufficiently answered by the judge. The request was:
“ That, where the circumstances point just as much to negligence on the part of the plaintiff as to its absence, that then the plaintiff must fail.” To this the court responded: “ No, I have covered that sufficiently in the charge that the plaintiff must establish the fact that there was no contributory negligence, that she was free from contributory negligence by a preponderance of evidence.” We think this a correct statement of the rules upon this subject.
Having laid down the correct rule upon the subject thus explicitly we cannot see that it was error for the judge to direct a charge as requested in the defendant’s fifth request. The request went too far; if followed, the jury would have "been authorized to find that it was the duty of the plaintiff to leave the sidewalk to avoid the possibility of injury. This she was not required to do.
. In Rehberg v. City of New ~York (91 N. Y., 656), the court of appeals say: “The plaintiff had a right to use this walk, although she knew its condition, and whether she was guilty of carelessness, which contributed to the accident, was a question for the jury.”
Nor do we think the court was called upon to lay down the rule in this case asked for by the learned counsel for the defendant in his fourteenth request to charge. There were no facts in this case to which such a request was applicable. But if there were we think the rule laid down in Kenny v. Troy (38 Hun, supra,) would justify the judge in refusing to declare, as matter of law, what length of time would raise presumption of notice.
*523 On the whole case we do not see any error on the trial which calls for a reversal of the judgment in this case.
The judgment of the county court must be affirmed with costs.
Learned, P. J., concurs; Landon, J., not acting.