## WINTERS *v.* MAYOR, ETC., OF NEW YORK.

*(Common Pleas of New York City and County, General Term.* December 3, 1888.)

MUNICIPAL CORPORATIONS—CONTROL OF STREETS—OBSTRUCTION IN BUILDING.

    While plaintiff was walking over a plank laid from a temporary sidewalk in front of a building in the course of erection to the street, the plank turned, and threw him against an iron spike which had been used in connection with a derrick, but was not in use on that day. *Held* that, as the occupation of the street in this manner was authorized by law, and as the city had no control over the work, it was not liable for the injury.

Appeal from trial term; HENRY W. BOOKSTAVER, Judge.

Action by Michael Winters against the mayor, aldermen, and commonalty of the city of New York. In August, 1883, three brick houses were being erected on the south side of Eighty-Sixth street in the city of New York. Gessler was the builder, and Wise contractor. The plaintiff had carted brick to these buildings, and on August 18, 1883, went to the office therein to get his usual receipt of delivery. During the erection of the buildings an elevated and wooden temporary sidewalk was constructed, from which to the street a plank was placed for the use of persons having business with the buildings aforesaid. When the plaintiff walked over this plank he fell, striking his right knee on the top of an iron spike which stood in the street, causing a fracture thereof. The spike in question had been used to fasten guys for a derrick; had been there for several weeks, but was not in use on the day of the accident. Upon the trial, after hearing the evidence, the complaint was dismissed on the ground of failure of affirmative proof of the defendant's negligence. From the judgment of the court as above stated the plaintiff appeals.

*Alfred B. Cruikshank,* for appellant. *Henry R. Beekman, (Albert E. Henschel* and *Thos. P. Wickes,* of counsel,) for respondent.

LARREMORE, C. J., *(after stating the facts.)* That the defendant owed a duty to the public to keep its streets in safe and proper repair is unquestioned, and notice of any defect or obstruction therein might lawfully be presumed from lapse of time. But the case before us presents a somewhat different phase of the law holding the defendant to answer for a legal responsibility. The occupation of the street and sidewalk by a person engaged in the erection of a building is clearly within the authority of the law. *Rehberg* v. *Mayor,* 91 N. Y. 137. It appears from the evidence that the spike which caused the

injury, although not in use at the time of the accident, was necessary for the completion of the buildings in question. The city gave no authority for the occupation and use of the street or sidewalk. That, as above stated, was conferred by the law. *Gorham* v. *Trustees*, 59 N. Y. 660. It was strenuously insisted upon the argument that where two causes of injury contributed to an accident, either cause, proximate or remote, would afford a ground of recovery. The authorities cited to sustain this proposition are not applicable to the case under review. The case of *Worster* v. *Railroad Co.*, 50 N. Y. 203, decided that a railroad company was bound to lay its tracks in a proper and secure manner, and was liable for any neglect resulting therefrom. *Mullen* v. *St. John*, 57 N. Y. 567, holds that the owner of a house adjoining a street must keep the same in proper condition so that it shall not fall; and, if it does, negligence will be presumed from any accident occurring thereby, and the burden of proof is cast upon such owner to absolve him from liability. *Hume* v. *Mayor, etc.*, 74 N. Y 264, was a case within my personal consideration in its first instance, and was affirmed by the court of appeals mainly upon the ground that the city must be presumed to have had constructive notice of the defective condition of the wooden shed or awning that caused the injury. *Ring* v. *City of Cohoes*, 77 N. Y. 83, makes no change in the principle of law above referred to. *Rehberg* v. *Mayor, supra*, holds that the neglect of a public officer, (to-wit, a policeman,) or his mistake in not reporting as to an obstruction of bricks piled in the street, would not save the city from liability, and that the offer to prove the legal regulations as to the height of a pile of brick in front of a building in process of erection, which was rejected, was error. In the case of *Goodfellow* v. *Mayor, etc.*, 100 N. Y. 15, 2 N. E. Rep. 462, a nonsuit was granted, which the court held to be error, thereby deciding that the act of a policeman whose duty it was to inspect the cross-walks in his precinct, and who had examined and failed to report any defect in the same, did not discharge the municipality from liability if such defect was subsequently shown. The city had no control over the work to be done in the erection of the buildings, and the person doing the same is chargeable with any alleged negligence for improperly performing his duty. *Pack* v. *Mayor, etc.*, 8 N. Y. 222; *Kelly* v. *Mayor, etc.*, 11 N. Y. 432. The whole range of authority establishing the liability of municipal corporations seems to point to the correctness of the conclusion reached by the trial judge and leads to an affirmance of the judgment appealed from.

VAN HOESEN, J., (*concurring.*) Though I shall vote with Chief Justice LARREMORE in favor of affirming the judgment, my reasons are not precisely the same as his. The city was upon the testimony undoubtedly responsible for the presence of the spike in the highway; for it had been there for some days, if not for some weeks. It had, therefore, constructive notice, at the least, that the spike was in the street. It is in evidence that it was placed there by the builders to facilitate them in carrying materials for building to the upper part of the houses that were in the course of construction. It was used to fasten guy-ropes that appertained to the hoisting-machine. Now, instead of assuming that the spike was in the street in violation of law and without leave of the city authorities, I think that, in the absence of all testimony, we ought to assume that the spike was there by permission of the city; for the city is empowered to permit the placing of an obstruction in the street when the promotion of building makes such obstruction necessary. Subdivision 4 of section 86 of the consolidation act confers upon the common council the power to permit the temporary obstruction of a street "during the erection or repair of a building on a lot opposite the same." Here it is shown that the spike was in the street opposite a building that was going up. The mere fact that an obstruction exists under such circumstances does not create any liability on the part of the city. It may lawfully obstruct the street oppo-

site a house that is building for the purpose of facilitating the mechanics. But the obstruction must not be obviously dangerous. If it be so dangerous that men of ordinary prudence would condemn its use, permission for it should be absolutely refused by the city authorities; but if it be not, when used with ordinary care, hazardous to the public lawfully using the street for street purposes, the city ought not to be held liable if an injury results accidentally from its presence in the highway. Merely to prove, therefore, that the spike was in the street is not enough to warrant a verdict against the city when it is also shown by the plaintiff that it was in use opposite to a building then in progress. Some proof was necessary that it was inherently dangerous, or that it was so misplaced or so concealed, or that its situation with respect to its surroundings was such, that men of common prudence could see that it was likely to cause injury. The testimony adduced by the plaintiff showed that spikes are in common use for holding guy-ropes attached to derricks, but that wooden posts are also used. There is nothing to warrant us in saying that wooden posts are safer than spikes, (for in contingencies that can be conceived of they would be far less safe,) or that the use of spikes is not compatible with the exercise of ordinary care. It appears, then, that the case is barren of evidence that the presence of the spike in the street was an unauthorized obstruction, or that it was an obstruction that became unlawful because obviously dangerous; and hence a finding of negligence against the city would have been without evidence to support it. It will be seen that I have made no point of the fact that when the plaintiff was injured he was not using the street for street purposes, but was coming down a plank placed athwart the sidewalk for the convenience of workmen who had to carry some of the materials from the carriage-way of the street to the doorway of the house. The plank turned with him, and threw him down, and in his fall he collided with the spike that stood in the carriage-way. I have treated the case as if he were using the street in the ordinary way. For the reason that the city may authorize an obstruction necessary for the convenience of building operations, and that there is no proof that this obstruction was apparently dangerous to those using the street in the ordinary way, I think the motion to dismiss the complaint was properly granted.