## FINKELSTEIN v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.   May 29, 1900.)

1. STREET RAILROADS—INJURY TO CHILD—QUESTION FOR JURY.

Plaintiff, about 7 years old, while attempting to cross a street in front of an approaching car, after dark, was struck by the side of the fender. When he started to cross, the car was about 50 feet away, running beyond the usual rate of speed. The motorman did not look in the direction the car was going, no bell or warning was sounded, and the car did not stop or slacken its speed. *Held*, that the question whether defendant was negligent was for the jury.

2. SAME—CONTRIBUTORY NEGLIGENCE.

Whether a child between 7 and 8 eight years old, who attempts to cross a street, after dark, in front of a rapidly approaching electric car 50 feet away, is chargeable with contributory negligence, is a question for the jury.

Appeal from special term, Kings county.

Louis Finkelstein, by his guardian, against the Brooklyn Heights Railroad Company. From a judgment dismissing the complaint, and an order denying a new trial, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Louis J. Altkrug, for appellant.

Charles C. Clark, for respondent.

HIRSCHBERG, J. The record does not present the facts as clearly as is desirable, there being some confusion in the evidence as to the exact conditions under which the accident occurred. In the case of a nonsuit we must adopt those inferences which are most favorable to the plaintiff. Rehberg v. City of New York, 91 N. Y. 137, 141; Weil v. Railroad Co., 119 N. Y. 147, 152, 23 N. E. 487; Ladd v. Insurance Co., 147 N. Y. 478, 482, 42 N. E. 197; Costello v. Railroad Co., 161 N. Y. 317, 320, 55 N. E. 897. The plaintiff, a child between 7 and 8 years of age, was seriously injured by one of defendant's cars while he was crossing Flushing avenue in the evening. The hour was between 6 and 7 o'clock, and it was getting dark; but one witness testified that she could see a distance of $2\frac{1}{2}$ blocks. At the time the plaintiff started to cross the street— possibly at the time he reached the track—there is proof that the car was at least 55 feet distant. The plaintiff was struck before he actually got on the railroad track, but he was struck by the fender of the car, by the side, but near the front; and the jury would have been fully justified in concluding that the accident was directly attributable to the negligence of the motorman. The car was running very fast, considerably beyond the usual rate of speed. The motorman did not look in the direction the car was going, but was looking at the sidewalk towards which the plaintiff was proceeding. No bell or warning of any kind was sounded or given. The car did not slacken its speed at all, but proceeded for at least two blocks before it stopped, and then continued to its destination. It certainly cannot be said as matter of law that the defendant's negligence was not sufficiently established.

As to the plaintiff's contributory negligence, much evidently depends upon whether or not he is to be regarded as sui juris. That was a question for the jury. If he was non sui juris, he could not be chargeable with negligence of his own, under the circumstances of this case, nor is it a matter of law that he could be if sui juris. Costello v. Railroad Co., supra. Assuming that he was answerable for his own negligence, he would only be held to the exercise of care commensurate with his age, and it would be for the jury to apply the standard when they had determined the facts. So, too, under the circumstances disclosed, the question of the negligence of the parents of the plaintiff, in the event that he is held to be non sui juris, is one of fact, and not of law. The judgment and order should be reversed.

Judgment and order reversed, and new trial granted, costs to abide the event. All concur.