## SCHOENBLUM v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. March 8, 1901.)

CITY EMPLOYE—NEGLIGENCE—QUESTION FOR JURY.

     An employé of the city was, at noon, loading ashes into a wagon in a street on which there were many tenements, when the street was crowded with children returning from school. A boy ran in front of the horse as he was standing still, and, the driver starting it without looking, the boy was knocked down, and injured. *Held*, that the question of the driver's negligence was for the jury.

     Van Brunt, P. J., dissenting.

Appeal from trial term, New York county.

Action by Samuel Schoenblum, an infant, by Joseph Schoenblum, guardian, against the city of New York. From the judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Louis J. Vorhaus, for appellant.

Theodore Connoly, for respondent.

RUMSEY, J. This was an action to recover damages for the negligence of an employé of the defendant, which resulted in a serious injury to the infant plaintiff. The complaint was dismissed at the close of the plaintiff's case. In considering this appeal, therefore, all facts which the evidence tends to establish, and all fair inferences which the jury might have drawn from the testimony in favor of the plaintiff, must be resolved in his favor. (Rehberg v. Mayor, etc., 91 N. Y. 137, 141), and the only question is whether upon those facts, and from such inferences, the jury would have been justified in finding a verdict for the plaintiff. The plaintiff was a boy 5 years and 2 months old. He had been going to school for about a month. The accident occurred at noon. He was on his way home, and had met his mother in front of the house where they lived. She gave him a penny with which to buy some candy at a stall across the street, and he had done so, and was on his way back to her when the accident took place. It occurred in Rivington street. It may fairly be inferred from the evidence that this is not a business street, but that there stand upon it many tenement houses, in which live a large number of children. The testimony is that at the time of the accident the street was crowded with children coming home from school. There stood at the side of the street a horse and cart, into which one of the employés of the defendant was engaged in emptying ashes. The horse was standing still. The boy, in going to his mother, ran closely in front of him, and, just as the child got in front of the horse, the driver, not seeing the boy, started the horse, which at his first step knocked the boy down so that the wheel of the cart passed over his leg, and he was injured. No question of the contributory negligence of the boy or his mother was raised, and that clearly, in any case, would be a question for the jury. The only question is whether it can be said that the driver was guilty of negligence in starting his horse without looking to see that it was safe to do so. What is due care in such cases depends entirely upon the condition of affairs at the time the occurrence took place. This driver was engaged in emptying ash cans into his cart. When he finished emptying the particular can, he did not look to see what, if anything, was in front of his horse, before starting him up. Under ordinary circumstances it may be that he was not called upon to do so, but there were some other facts in this case which may take it out of the ordinary rule. The time was at noon. The children were just out of school, and the street was full of them. Under such circumstances a person who has occasion to drive a horse on such a street is bound to take notice of the fact that the children

are there, and to see that no harm comes to them from anything he does. The care they were bound to exercise was only such as persons of their age would be likely to take, and the care of the person driving the horse must be proportionate to the exigency confronting him. So that, if he had been surrounded by adults, or if he had not been aware that there were children in the street, it may be that he would not have been called upon to see whether any child might be hurt when he started up his horse; yet, as he knew that the street was full of children,—as must be assumed from the evidence,—we cannot say that in starting up his horse, as he did, without looking to see whether there were any children in such a situation that they might be injured thereby, he used that degree of care which the circumstances imposed upon him. For this reason we think that the question of the driver's negligence was one for the jury, and that the learned justice below erred in taking it away from them. The judgment must, therefore, be reversed, and a new trial granted, with costs to the appellant to abide the result. All concur, except VAN BRUNT, P. J., who dissents.

VAN BRUNT, P. J. (dissenting). I think the judgment in this case should be affirmed. There was no evidence of any negligence upon the part of the employé of the city. It cannot be possible that every time an ashman moves his cart from house to house in the middle of the block, he must search in and around his vehicle and horse to make sure that there is no one standing near who will be knocked down and injured the moment his horse raises his foot; and it is because the driver did not do this that it is held that he was guilty of negligence.