H. B. KOENIG, INC., Plaintiff, v. FRED A. BIGELOW, as Sheriff of Niagara County, N. Y., Defendant.— Submitted controversy determined in favor of the plaintiff, without costs. Memorandum: The sheriff levied, under an execution, upon the judgment debtor's automobile. Before the actual levy but after having received the execution, the sheriff was informed that a third person held a chattel mortgage thereon. This mortgage, which was not filed as required by section 232 of the Lien Law, was void as against the plaintiff. (Lien Law, § 230.) The sheriff delivered the automobile to the chattel mortgagee instead of selling the same, as required by law, and is, therefore, liable to the plaintiff judgment creditor for the full amount that he was commanded by the execution to collect, the automobile being worth such amount. The fact that the mortgagor was in default in payments thereunder is immaterial. All concur. (Submitted controversy on a claim against the sheriff to recover damages sustained by plaintiff on an uncollected judgment.) Present — Sears, P. J., Crosby, Cunningham, Taylor and Dowling, JJ.

ERNEST STIERLY and DOROTHY STIERLY, Respondents, v. THE CITY OF BUFFALO, Appellant.— Judgment and order reversed on the law and facts, with costs, and complaint dismissed, with costs. Memorandum: The plaintiffs slipped and fell on a sidewalk in front of one of the defendant's fire stations. The fall was occasioned by a thin coating of ice which covered the walk at the time. The weight of the evidence is to the effect that the ice on the walk had formed only a few minutes prior to the accident and that the condition complained of was general on the walks and roadways in the vicinity of the fire station when the plaintiffs fell; that the captain in charge of the station had discovered the slippery condition of the walk just before the plaintiffs fell and had immediately instructed one of his men to sprinkle ashes on the walk and while the man was preparing to do so and before he had reached the street the accident had happened. Assuming that notice to the captain in charge of the station of the slippery condition of the walk was notice to the defendant (*Rehberg* v. *Mayor*, 91 N. Y. 137, 141; *Twogood* v. *Mayor*, 102 id. 216, 219), nevertheless the condition of the walk had not existed sufficiently long to charge the defendant with negligence. (*Harrington* v. *City of Buffalo*, 121 N. Y. 147; *Gaffney* v. *City of New York*, 218 id. 225; *Khoury* v. *County of Saratoga*, 267 id. 384.) The defendant was not an insurer of the safety of persons traveling over its sidewalks. (*Hooker* v. *Town of Hanover*, 247 App. Div. 623.) Upon this state of the record we find no question for the jury. All concur. (The judgment is for plaintiffs in a negligence action.) Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.

MARY MARINELLO, Appellant, v. WILLARD S. GLEASON and EDWARD F. GLEASON, Respondents.— Judgment affirmed, with costs. Memorandum: The evidence presented fair questions of fact both as to the negligence of the defendants and the contributory negligence of the plaintiff and we are of the opinion that the verdict was not contrary to the weight of the evidence. All concur. (The judgment is for defendants in an automobile negligence action.) Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.