ELLEN HARRINGTON, Appellant, *v.* THE CITY OF BUFFALO, Respondent.

The duty resting upon a municipal corporation to remove accumulations of ice and snow upon its streets, becomes imperative only when dangerous formations or obstacles have been created and notice of their existence has been received by the corporation, or sufficient time has elapsed to afford a presumption of knowledge of their existence and an opportunity to effect their removal.

In an action to recover damages for injuries received from a fall on the sidewalk of one of defendant's streets, it appeared that for some weeks the snow had not been entirely removed from the walk; for four days previous to the accident the weather had been warm, causing the accumulation of snow and ice on the walk to thaw and become soft. On the night previous it froze hard, and a ridge or strip of ice was formed on the walk. Plaintiff, in passing over this strip, slipped and fell. *Held*, that if there was any unusual or dangerous obstruction, so far as danger was to be apprehended, it arose from the frozen and slippery condition of the walk, and this was caused solely by the freezing of the night before, and there was no such lapse of time between its creation and the accident, as to afford a presumption of knowledge in the municipality of its existence or opportunity to remove it after notice.

(Argued March 13, 1890; decided April 15, 1890.)

APPEAL from order of the General Term of the Supreme Court in the fifth judicial department, made October 19, 1888, which affirmed an order of Special Term denying a motion for a new trial.

The nature of the action and the facts are sufficiently stated in the opinion.

*Frank C. Laughlin* for appellant. The plaintiff failed to prove a cause of action, and the court erred in denying the defendant's motion for a nonsuit. (*Foley* v. *City of Troy*, 45

Hun, 396; *Requa* v. *City of Rochester*, 45 N. Y. 135, 136; *Griffin* v. *City of New York*, 9 id. 456, 460; *Smith* v. *City of Brooklyn*, 36 Hun, 226; *Blakely* v. *City of Troy*, 18 id. 167; *Taylor* v. *City of Yonkers*, 105 N. Y. 202; *Harrigan* v. *Village of Hoosick Falls*, 16 N. Y. S. R. 352; *Gramm* v. *Village of Greenbush*, 20 id. 370; *Tobey* v. *City of Hudson*, 40 Hun, 318; *Searles* v. *R. R. Co.*, 101 N. Y. 661; *Duncan* v. *City of Buffalo*, 18 N. Y. S. R. 841.)  The court erred in declining to charge that if the accident to the plaintiff was caused by ice formed from the freezing of the rain which fell the day before, the city was not liable, and the exception thereto is well founded. (*Searles* v. *R. R. Co.*, 101 N. Y. 661; *Taylor* v. *City of Yonkers*, 105 id. 203, 209; *Kaveny* v. *City of Troy*, 108 id. 571; *Hunt* v. *Mayor, etc.*, 109 id. 141; *Tobey* v. *City of Hudson*, 49 Hun, 318; *Smith* v. *City of Brooklyn*, 36 id. 226; *Blakely* v. *City of Troy*, 18 id. 170.)  The court erred in denying defendant's motion to strike out the testimony of Mrs. Harrington, the plaintiff's daughter-in-law, to the effect that the sidewalk had been in an icy condition for a long time prior to the accident, which motion was made after it appeared that the witness had no personal knowledge of the fact, and was only testifying to her opinion, and the defendant's exception was well taken. (*Platner* v. *Platner*, 78 N. Y. 102; *F. Bank* v. *Cowen*, 2 Abb. Ct. App. Dec. 88; *McCabe* v. *Brayton*, 38 N. Y. 196; *Roberts* v. *Johnson*, 58 id. 613; *Bayliss* v. *Cockroff*, 81 id. 363, 372; *Baird* v. *Gillett*, 47 id. 186, 188.)

*Adelbert Moot* for respondent.  The verdict is sustained by the facts and the law. (*Todd* v. *City of Troy*, 61 N. Y. 506; *Evans* v. *City of Utica*, 69 id. 166; *Luther* v. *City of Worcester*, 97 Mass. 268; *Pomfrey* v. *Village of Saratoga Springs*, 104 N. Y. 460; *Garvey* v. *City of Buffalo*, 100 id. 630; *Miner* v. *City of Buffalo*, 99 id. 608; 1 Greenl. on Ev. § 5; *Seybolt* v. *Erie*, 95 N. Y. 562; *Payne* v. *T. & B. R. Co.*, 83 id. 572; *Ring* v. *Cohoes*, 77 id. 83, 88; *Taylor* v. *City of Yonkers*, 105 id. 202, 208.)  The exceptions taken

by defendant upon the trial present no ground for granting a
new trial. (*Miller* v. *Montgomery*, 78 N. Y. 286; *Marks* v.
*King*, 64 id. 628; *Platner* v. *Platner*, 78 id. 90–101; *Street*
v. *Holyoke*, 105 Mass. 82, 84; *People* v. *Collum*, 103 N. Y.
587; *Todd* v. *City of Troy*, 61 id. 506; *Pomfrey* v. *Village
of Saratoga Spa*, 104 id. 459; *Ring* v. *City of Cohoes*, 77 id.
83–88; *Taylor* v. *City of Yonkers*, 105 id. 202–208.)

RUGER, Ch. J.   The plaintiff seeks to recover damages for
injuries received by her in consequence of a fall on one of the
streets of Buffalo, occasioned by the slipperiness of a sidewalk,
which was alleged to have been left in a dangerous condition
through the negligence of the defendant.   The accident
occurred about five o'clock P. M., of the twenty-sixth day of
February.   The evidence as to the condition of the sidewalk
previous to the accident is exceedingly vague and unsatis-
factory.   In fact no witness, who then observed it, undertakes
to give any definite description of its condition, except in
general terms, that it was slippery or in bad condition.   Two
witnesses, who saw it some time after the accident, attempt to
describe its then general appearance, but fail to establish the
existence of any dangerous condition.   The plaintiff herself
testifies, "there was lots of ice on the sidewalk at the time I
fell down; I saw it; I don't know what made me go onto it;
I never thought I would fall down; there was a pile of ice and
snow together, and I never thought I would fall down; I knew
there was ice and snow there; * * * as long as I know
I am walking through snow and ice, and as long as I come to
America I am walking through snow and ice all the time."

The most favorable statement of the evidence for the plain-
tiff is, that a ridge or strip of ice and snow about six inches in
thickness in the center and four feet wide, sloping to the edge
of the walk, extended longitudinally about thirty feet over a
plank sidewalk, whereon the plaintiff was walking.   At some
point on this walk, the particular place, whether in the center
or at the sides, is not shown, the plaintiff slipped and fell and
injured herself.   The evidence established the fact that for

four days previous to the accident the weather had been warm, causing the snow and ice on the walk to thaw and become soft, wet and sloppy. On the night previous to the accident the weather suddenly became colder and the snow and slush in the streets froze hard, forming ice and leaving foot-prints made during the previous sloppy weather plainly visible in the frozen deposit. In some places the owners of property adjoining the walk had cleaned off the snow, but at the place of the accident it had not for some weeks been entirely removed. Much of the snow falling during that time had passed off through the natural effect of the elements upon it, but the portion referred to was what remained of a much larger accumulation. The walk, as thus shown, presented no unusual appearance for cities in our uncertain and inclement climate, and caused no more objectionable obstacle to safe passage than frequently exists in cities and villages during the cold season. Whatever might have been its condition, so far as danger was to be apprehended, it arose solely from its frozen and slippery condition, and that, as we have seen, was caused by the freezing of the night before the accident. The danger arising from the slipperiness of ice or snow lying in the streets, is one which is familiar to everybody residing in our climate and which everyone is exposed to who has occasion to traverse the streets of cities and villages in the winter season. Accidents occurring from such causes are chargeable solely to the persons injured, unless it can be shown that the cause thereof has been occasioned, aggravated or negligently permitted by the act of some third party charged with the duty of obviating or removing it. It was essential to the maintenance of this action that some breach of duty on the part of the defendant should have been proved occurring prior to the happening of the accident which was the cause of the alleged injury. We are of the opinion that the case made did not establish the existence of this essential fact. The proof fails to show that there was any unusual or dangerous obstruction to travel arising from snow or ice in the street, or, even if there was, that any such lapse of time had intervened

between the period of its creation and the occurrence of the accident as afforded a presumption of knowledge in the municipality of its condition, or opportunity to remove the obstacle after notice was received. The duty resting upon municipal corporations to remove accumulations of ice and snow as it falls from time to time upon their streets, is a qualified one, and becomes imperative only when dangerous formations or obstacles have been created and notice of their existence has been received by the corporation. (*Hunt* v. *Mayor, etc.,* 109 N. Y. 134.) Actual notice to the public authorities is not, in all cases, required, and it has been held that negligence may be inferred from the omission by the corporation to cause dangerous obstructions to be removed from the streets after sufficient time has elapsed to afford a presumption of knowledge of their existence and an opportunity to effect their removal. If "there has elapsed such length of time as that the defect has become known and notorious, and there has been full opportunity for the municipality, through its agents charged with that duty, to learn the existence of the defect," an omission to remove it within a reasonable time, has been held to be sufficient to authorize a finding of negligence against the corporation. (*Requa* v. *City of Rochester,* 45 N. Y. 136.)

The principles regulating the liability of municipal corporations for injuries occasioned by accidents through the slipperiness of sidewalks, have been the subject of frequent discussion recently in this court, and the cases decided fully support the conclusions reached by us in this case and render further discussion unnecessary. (*Taylor* v. *City of Yonkers,* 105 N.Y. 209; *Kaveny* v. *City of Troy,* 108 id. 571; *Kinney* v. *City of Troy,* Id. 567.)

We think there was no evidence upon which the court was authorized to submit the question of the defendant's negligence to the jury, and, therefore, the order of the General Term, denying the motion for a new trial, and the judgment on verdict at Circuit should be reversed and a new trial ordered, with costs to abide the event.

All concur.

Order reversed.