RACHEL A. WOOLSEY, RESPONDENT, v. THE TRUSTEES OF THE VILLAGE OF ELLENVILLE, APPELLANTS.

*Complaint — action by a married woman for personal injuries — competency of proof as to her separate business — presumption that the damages belong to her husband.*

In an action brought by a married woman against a village to recover the damages resulting from an injury alleged to have been sustained by her in falling upon an icy sidewalk, the complaint contained no allegations that she carried on a separate business to her own profit, nor did it allege special damages by reason of such business.

*Held,* that it was error to allow her to prove that she had a separate business, and that it was injured because of the accident.

The law presumes that damages, resulting from an injury which diminishes the capacity of a married woman to earn money, belong to her husband, and if the facts be otherwise, they must be alleged specifically.

Appeal by the defendants, the Trustees of the Village of Ellenville, from a judgment, entered in the office of the clerk of the county of Ulster on the 6th day of November, 1890, in favor of the plaintiff, after a trial at the Ulster Circuit before the court and a jury, at which a verdict was rendered in favor of the plaintiff for $5,000; and also from an order made at said circuit on the 13th day of October, 1890, denying the motion of said defendants to set aside the verdict and for a new trial upon the minutes of the court.

The action was prosecuted for an alleged injury to the plaintiff arising from his falling upon a sidewalk in the village of Ellenville, which the plaintiff claims was negligently permitted to be out of repair by the defendants, by reason of which the plaintiff was injured. The jury rendered a verdict in favor of the plaintiff for $5,000, on which judgment was entered and the defendants appealed.

*A. F. Clearwater*, for the appellant.

*John E. Van Etten*, for the respondent.

Mayham, J.:

The appellant insists that the learned trial judge erred in refusing to dismiss the complaint on motion of the defendant at the close of the plaintiff's evidence at the trial, on the ground that plaintiff failed to prove facts sufficient to charge the defendant with negligence or constitute a cause of action against it.

This presents the question whether from all the evidence there was sufficient to authorize the jury, upon the most favorable construction for the plaintiff of which it was capable, to find for her. In the very careful analysis of the evidence by the learned judge, in deciding this motion, it seems clear that he disclosed a state of facts from the evidence which the jury might adopt in arriving at a verdict for the plaintiff. The theory of the plaintiff was that the defendant, by the construction of a surface drain or ditch on the southerly side of Cross street, had conducted the water down to the sidewalk on the northerly side of Canal street, and without furnish-ing a sufficient way of escape, under the sidewalk, had caused or per-

mitted the same to flow upon the flagging of that walk, and thence down the same in a south-westerly direction to the point where the accident is alleged to have occurred, and forming a coating of ice on which the plaintiff fell and was injured; and the judge in discussing and deciding the motion said: "If the plaintiff can recover in this case, it must be upon the ground that the village caused the water, which it collected in this ditch, to be discharged on this sidewalk not providing a proper outlet for it; that the sidewalk was so fixed that the water could not escape from it." And he held, and we think properly, that it was a question for the jury to determine whether the ice was produced by that act or by some agency for which the village would not be responsible.

But it is insisted by the defendant that, within the doctrine laid down by the Court of Appeals in *Harrington* v. *City of Buffalo* (121 N. Y., 147), the complaint should have been dismissed for want of proof of notice of the defective walk to the defendant, and a sufficient time, after notice, to remedy the defect. But this case does not seem to have established any new rule upon that subject. If the right to recover depended solely upon the question whether or not the defendant, by its affirmative act, in collecting and giving direction to the surface water through this ditch was guilty of negligence, then knowledge of that defect would be imputable to the defendant from its own act, but the court held that it was a question for the jury whether, under the evidence, the defendant had constructive notice, by lapse of time, after the formation of the ice and before the accident, and we think it was a proper question for them.

The case discloses that the plaintiff at the time of the injury and trial was a married woman having a living husband. The plaintiff was permitted to prove, under the objection of the defendant, that she was carrying on a separate business on her own account, and that the profits of the business were hers. There is no allegation in the complaint that the plaintiff had a separate business carried on, on her own account, or any allegation of special damages on account of her separate business, and we think the admission of this evidence, under the defendants' objection and exception, was error. In the case of *Uransky* v. *The Dry Dock and Battery Railroad Company* (118 N. Y., 304), this direct question was raised, and, as it appears to us, was definitely settled by the Second

Division of the Court of Appeals. In that case, as in this, the action was by a married woman. In that case, as in this, the complaint contained no allegation of special damage, or that the plaintiff was carrying on a separate business; and PARKER, J., in delivering the opinion of the court, uses this language: "Presumptively, damages for negligently diminishing the earning capacity of a married woman belong to her husband; and, when she seeks to recover such damages, the complaint must contain an allegation that, for some reason, she is entitled to the fruits of her own labor, and, if she seeks to recover damages for an injury to her business, she must allege that she was engaged in business on her own account and by reason of the injury was injured therein as specifically set forth. "No such allegations are contained in the complaint in this action. Nevertheless, the plaintiff was permitted to prove, against the objection of the defendant, that the evidence was irrelevant and immaterial, and called for special damages not alleged in the complaint; that she was engaged in the dressmaking business; sold fancy goods and dry goods; was accustomed to make from sixteen to twenty dollars per week; and that because of her injuries was prevented from working for two months; this was error."

It seems quite impossible, upon principle, to distinguish that case from the one at bar. It is true that the learned judge used this language: "The evidence is clearly admissible as descriptive of her condition, and for no other purpose." But I cannot see that that in any way relieves it from error of its admission, especially as the learned judge, in denying the motion to strike out this evidence, said: "Nothing is better settled than the fact that a married woman can carry on her own business separately from her husband. I overrule the objection."

We think the objection to this evidence was well taken, as was the exception to its admission; and, as the court on review cannot see that it did not affect injuriously the rights of the defendant, we cannot disregard the error.

As this error makes a new trial necessary, an examination of the other exceptions of the defendant is not profitable.

The judgment is reversed and a new trial ordered, costs to abide the event.

LEARNED, P. J., concurred; LANDON, J., dissented.

Judgment reversed, new trial granted, costs to abide event.