WILLIAM M. PEARD, Appellant, *v.* THE CITY OF MOUNT VERNON, Respondent.

*Street railway — right and duty to remove snow from its tracks — liability of a city for injuries caused by ice on its streets.*

A legally organized corporation, possessing a charter right to operate a surface railroad through the street of a city, is not only authorized, but is under a legal obligation, to do so in the interests of the public, and, being so required to move its cars over its road, it is authorized to remove the snow from its tracks to prevent their obstruction and to enable it to operate its road.

Such right is analogous to the duties of owners of property upon a street in a city or village; both are under obligation to remove the snow, the one from its tracks and the other from his sidewalk, and when the sidewalks of such city or village or the tracks of the railroad are suddenly covered with ice, which it is not practicable to remove, neither the owners nor the municipal authorities, nor the street surface railroad company, are guilty of negligence if they wait the return of mild weather to dissolve the ice and relieve the street and tracks from the accumulation of ice.

Something more than the presence of ice, the result of a low winter temperature, must be shown to make a city chargeable with negligence. The fact that, for more than two weeks preceding an accident, the mercury had been below the freezing point, and that the city did not accomplish impossibilities or display unreasonable and extraordinary diligence, furnishes no ground for imposing a liability upon it for the consequences of the accident to the person injured.

Municipal authorities are not insurers of travelers on the public ways, and they are not required to meet every emergency. Their duties are not imperative. They are required to do no more than to exercise ordinary care and use ordinary diligence in any situation in which they may be placed.

APPEAL by the plaintiff, William M. Peard, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Westchester on the 6th day of June, 1894, upon the dismissal of the complaint directed by the court after a trial before the court and a jury at the Westchester Circuit.

*Joseph S. Wood,* for the appellant.

*David Swits,* for the respondent.

DYKMAN, J. :

This is an action for negligence based upon the following facts :

First street, in the city of Mount Vernon, runs east and west, and through its center is laid a single-track horse railroad. The street is forty-seven feet wide, exclusive of the sidewalk. From the curb on the south side of the street to the south rail of the railroad it is about ten feet; between the rails there is a space of about five feet, and from the north rail to the north curb the space is about thirty-two feet.

The winter of 1892 and 1893 was very severe, and during that winter the railroad company had removed the snow, as it fell, from its track, and heaped up a mass of snow on both sides of its tracks. During the two weeks preceding the accident there were snow storms and frequent rains, which froze as they fell. The snow was banked up from the railroad and sidewalk upon the street, and, at the time of the accident, there was an accumulation of snow and ice, which had been frozen together for some time. At the place of the accident the bank was about fifteen inches high. The plaintiff, in his testimony, said : " As a matter of fact, the entire length of this street, on the eighth day of March, on each side of this car track,

was banked up by a large embankment of snow and ice frozen solid. When I entered the street I saw that it was in a bad condition."

On the 8th day of March, 1893, the plaintiff was riding in a surrey along First street, going east on the north side of the railroad. His vehicle was drawn by one horse, which was driven by a driver. There was an empty coal wagon a few feet in front of the plaintiff's carriage, and the plaintiff's driver undertook to pass the coal wagon on its right. When the head of the plaintiff's horse reached the hind wheel of the coal wagon, the driver of that wagon started his horse on a trot, and the horse of the plaintiff started suddenly aside; that sudden movement caused the horse to slip, and, in his struggles to regain his feet, the hind wheels of the surrey were forced upon the tracks of the railroad. The surrey was overturned and the leg of the plaintiff was broken.

The cause was tried at the Circuit, where the plaintiff was non-suited, and he has appealed from the judgment entered against him.

The snow, which had accumulated in the street where the plaintiff received his injuries, had been thrown from the bed of the railroad and from the sidewalk. It had been solidified by the falling rain, which froze as it fell, and it had become a solid, compact body of snow and ice.

The railroad company is a legally organized corporation possessing a charter right to operate its railroad through the street in question. Not only has it such right, but it is under a legal obligation to do so in the interest of the public. Where the end is required the means are authorized. As the railroad corporation is required to move its cars over the road, it is authorized to remove the snow from the track to prevent its obstruction and enable it to operate its road.

Such right is analogous to the duties of owners of property upon a street in a city or village. Both are under obligation to remove the snow, the one from its tracks and the other from his sidewalk. (*Dixon* v. *Brooklyn City & N. R. R. Co.*, 100 N. Y. 170.)

In the severe winters of this climate, however, it not infrequently happens that the sidewalks of a city or village are suddenly covered with ice, which it is not practical to remove, and, in such a case, neither the owners nor the municipal authorities are guilty of negligence if they await the return of mild weather to dissolve the ice and relieve the street. (*Taylor* v. *Yonkers*, 105 N. Y. 206.)

There is no reason why that rule should not be extended in this case. It was lawful and proper to throw the snow from the sidewalk and the railroad into the street, and during a week or two prior to the accident there used to be snow storms almost every day, and frequently rain, which froze as it fell. "It was a very severe winter," and the street from the north rail of the railroad to the curbstone was filled with solid snow and ice at least fifteen inches deep.

So, we have the case of a constant accumulation of snow and ice for about two weeks previous to the accident, without proof of any intermission between the storms. In fact, the positive proof that there had been falls of snow and rain every few days leads to the conclusion that the intervals between the storms were quite limited in duration. There had been no opportunity to remove the obstruction subsequent to its accumulation even if its removal had been practicable. But with the resources available and the diligence exacted by the law from municipal corporations it was entirely impracticable. The removal of the solid mass of ice which rested upon the street would require time which was not allowed and an expenditure of money beyond the resources available for that purpose.

During our inclement winters the streets of cities and villages of this State are obstructed as this one was, and accidents resulting therefrom are chargeable to natural causes, unless it is made to appear that they have been negligently permitted or could have been obviated by the exercise of ordinary care.

We have already seen that no ordinary care could have preserved this street from the ice and snow which accumulated therein, and it follows, therefore, that the plaintiff failed to prove a breach of duty on the part of the defendant; without proof of such breach there could be no recovery. In the opinion in the case of *Kaveny* v. *The City of Troy* (108 N. Y. 575) are these words: "Something more than the presence of ice due to the results of a low winter temperature must be shown to make the city chargeable with negligence. The fact that for more than ten days preceding the accident to plaintiff the mercury had been below the freezing point was established without contradiction, and that the city did not accomplish impossibilities or display unreasonable and extraordinary diligence furnishes no ground of liability."

That language is applicable and appropriate in this case. Here the stormy and inclement weather prevailed for two weeks before the accident, and the ice in the street was entirely due to a low winter temperature.

Municipal authorities are not insurers of travelers on the public ways, and they are not required to meet every emergency. Their duties are not imperative. They are required to do no more than to exercise ordinary care, and use ordinary diligence in any situation where they may be placed. The cases of *Kaveny* v. *Troy* (108 N. Y. 575); *Taylor* v. *Yonkers* (105 id. 206); *Harrington* v. *Buffalo* (121 id. 147) are sufficient authority for the statements in the foregoing opinion.

The judgment should be affirmed, with costs.

CULLEN, J.:

I concur in the result, but deny the right of the railroad company to remove the snow in such manner as to obstruct the street.

BROWN, P. J., not sitting.

Judgment affirmed, with costs.