## PREVIDI v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. April 4, 1912.)

MUNICIPAL CORPORATIONS (§ 791*)—PERSONAL INJURIES—EVIDENCE—SUFFICIENCY.

In an action to recover from a city for injuries from falling upon a sidewalk, evidence that it had been covered with snow and ice for several days, during which time the temperature had been at freezing point or below, it rising to the freezing point only on the day of the accident, and then only to four degrees above at noon, that there had been a snowstorm three days before, and that the condition of the walk had been fairly good on the day before the accident, but became rough from changes of temperature and use, was insufficient to show that the walk had been in an unsafe and dangerous condition for such length of time as to charge the city with constructive notice thereof, and make it liable for failing to remove the snow and ice.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1647–1651; Dec. Dig. § 791.*]

Appeal from Trial Term, New York County.

Action by Joseph J. Previdi against the City of New York. From a judgment for plaintiff, and order denying defendant's motion for new trial, defendant appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes·

Loyal Leale (Terence Farley, on the brief), for appellant.
Jonathan Deyo, for respondent.

LAUGHLIN, J. About midday on the 20th day of January, 1909, the plaintiff, while walking easterly on the southerly sidewalk of East Sixty-Seventh street, between Second and First avenues, slipped and fell on ice in front of premises known as 348 East Sixty-Seventh street, sustaining the injuries to recover for which he brought this action. The evidence, viewed in its most favorable light to the plaintiff, tends to show that there was rough or uneven frozen snow or ice of the depth of about 1½ to 2½ inches on the walk at the point where the plaintiff slipped; that the walk in front of the premises known as 346–348 East Sixty-Seventh street was covered with ice or snow, and showed footprints thereon; that other parts of the walk were free from ice or snow; that on the 13th and 14th of the month 3 inches of snow fell, and that there had been no storm prior to that time since the 6th of the month; that there was no storm on the 15th, but that on the 16th 2¼ inches of snow fell, and on the 17th 1 inch of very wet snow fell, for, melted, it made .62 of an inch of water, and the storm lasted 15 hours and was the last storm before the accident; that on the 16th the mean temperature was 21.01 degrees above zero, and on the 17th 30.07 degrees, and on the 18th from 23 degrees to 32 degrees, and on the 19th from 5 degrees to 32 degrees, and on the day of the accident from 25 degrees at 7 a. m. to 36 degrees at noon; that the snow which fell on the 16th and 17th of the month probably had not been removed, and that the condition of the walk from that time until the time of the accident underwent a change to some extent, owing to the changes in temperature and to use of the walk by pedestrians, and its condition was described by one witness as "pretty good" the day before the accident, but the witness said that the more people passed over it the rougher it became. The city proved the ordinance by which it enjoined upon owners and occupants of premises the duty of removing snow and ice from the walk. There was no evidence of actual notice to the city of the condition of the walk, or that its condition was such that any one else had fallen upon it.

We are of opinion that the plaintiff failed to show that the walk had been in an unsafe and dangerous condition for such a length of time as to charge the city with constructive notice thereof, and to render it liable for failing to remove the obstruction formed by the snow and ice. Harrington v. City of Buffalo, 121 N. Y. 147, 24 N. E. 186; Taylor v. City of Yonkers, 105 N. Y. 202, 11 N. E. 642, 59 Am. Rep. 492; Berger v. City of New York, 65 App. Div. 394, 73 N. Y. Supp. 74; Owen v. City of New York, 141 App. Div. 217, 126 N. Y. Supp. 38; Schneider v. City of New York, 143 App. Div. 216, 128 N. Y. Supp. 45.

It follows, therefore, that the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.