SARA F. EGAN, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

First Department, December 1, 1916.

**Municipal corporations — negligence — injury caused by accumulation of ice on crosswalk.**

A municipality is not held to as strict an accountability for permitting ice and snow to accumulate on a crosswalk as in the case of a like accumulation upon a sidewalk.

To justify a recovery for personal injuries caused by an accumulation of ice upon a crosswalk the evidence of the negligence of the municipality must be extraordinarily strong.

Evidence examined, and *held*, not to establish a liability of the defendant municipality under the rules aforesaid.

APPEAL by the defendant, The City of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 25th day of January, 1916, upon the verdict of a jury for $400, and also from an order entered in said clerk's office on the 27th day of January, 1916, denying defendant's motion for a new trial made upon the minutes.

*John F. O'Brien*, for the appellant.

*Noah A. Stancliffe*, for the respondent.

SCOTT, J.:

Plaintiff has recovered damages for personal injuries resulting from a fall on a crosswalk at One Hundred and Fifty-fifth street and the Speedway, in the city of New York. Her fall was occasioned, as she says, and as the jury must have found, from an accumulation of rough and lumpy ice upon the crosswalk. The accident happened in the morning, and there is evidence that all of the crosswalks in the vicinity were slippery on that morning in consequence of a fresh fall of snow during the night.

It is well settled that a municipality is not, and in the nature of things cannot be, held to as strict an accountability for permitting ice and snow to accumulate on the crosswalk as it may be for a like accumulation upon a sidewalk. (*Lichtenstein* v. *Mayor*, 159 N. Y. 500; *Dupont* v. *Village of Port Chester*, 204 id. 351; *Brennan* v. *City of New York*, 130 App. Div. 267; affd., 197 N. Y. 544.) To justify a recovery in a case like the present the evidence of negligence must be extraordinarily strong, as it certainly is not here.

The respondent places her sole reliance upon *Williams* v. *City of New York* (214 N. Y. 260). That case is not analogous. It had to do with a sidewalk and the distinction between that case and one relating to an accident on a crosswalk is clearly recognized in the opinion.

The ordinance which plaintiff cites adds nothing to the obligation of the municipality. It has merely to do with the distribution of duties among the officers of the city.

In our opinion no case was made for fastening liability upon

the city, and the defendant's motion to dismiss the complaint should have been granted.   The judgment appealed from will, therefore, be reversed and the complaint dismissed, with costs to appellant in this court and the court below.

CLARKE, P. J., SMITH, PAGE and DAVIS, JJ., concurred.

Judgment reversed, with costs, and complaint dismissed, with costs.