ANNA ADAMS, Respondent, v. THE CITY OF NEW YORK, Appellant.— In an action to recover damages for personal injuries sustained by the plaintiff when she slipped and fell upon a crosswalk in a public highway, judgment in favor of plaintiff against the defendant, entered upon the verdict of a jury, reversed on the law, with costs, and complaint dismissed, with costs. If we take the facts established by the proofs, and the proper inferences therefrom, in a light most favorable to the plaintiff, as matter of law she failed to prove facts sufficient to constitute a cause of action against the municipality. (*Balzer* v. *City of New York*, 279 N. Y. 742; *Dupont* v. *Village of Port Chester*, 204 id. 351, 354; *Lichtenstein* v. *The Mayor*, 159 id. 500; *Egan* v. *City of New York*, 175 App. Div. 358.) The authorities upon which the respondent relies, including *Rosenberg* v. *City of New York* (256 App. Div. 927 [2d Dept.]; affd., 280 N. Y. 815), have reference to accidents on sidewalks, as to which the city's obligation to clean them of snow and ice within a reasonable time is more impressive and stringent. (*Egan* v. *City of New York, supra.*) Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ., concur.

ASSOCIATED PAINTING EMPLOYERS OF BROOKLYN, INC., Appellant, v. JOSEPH KESSLER, as President, and ISIDOR AGUSH, as Secretary-Treasurer, of District Council No. 18 of the Brotherhood of Painters, Decorators and Paperhangers of America, etc., Respondents.— Resettled order dismissing the complaint on the ground that the plaintiff did not have legal capacity to sue and was not the real party in interest, and denying plaintiff's motion for a temporary injunction, reversed on the law, with ten dollars costs and disbursements, defendants' motion to dismiss the complaint denied, with ten dollars costs, and matter remitted to the Special Term to decide whether or not a temporary injunction should issue. Leave is given to respondents to answer within ten days from the entry of the order hereon. In our opinion plaintiff had legal capacity to sue. (Civ. Prac. Act, § 210; *United Cloak & Suit Designers Mut. Aid Assn.* v. *Sigman*, 218 App. Div. 367.) Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.

MARILYN ATKINSON, an Infant, by FRED ATKINSON, Her Guardian ad Litem, and FRED ATKINSON, Respondents, v. ARTHUR DICKERMAN and BENJAMIN DICKERMAN, Appellants.— Action by infant plaintiff to recover damages for personal injuries and by her father to recover for loss of services. The infant, while crossing Main street, in the village of Northport, was injured when she was struck by an automobile owned by defendant Benjamin Dickerman and operated by defendant Arthur Dickerman. Judgment in favor of plaintiffs reversed on the law, with costs, and complaint dismissed, with costs. The uncontradicted testimony shows that the infant was guilty of contributory negligence as matter of law. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.

WILLIAM L. BAILEY, Respondent, v. LAURA E. MUTTEEN, as Surviving Executrix, etc., of WILLIAM P. SLENSBY, Deceased, Appellant.— Judgment for plaintiff adjudging that he is and has been, since the 21st day of September, 1931, the owner of a certain bond and mortgage and that defendant has no right, title or interest therein, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ.