MARY KWIATKOWSKI, Respondent, v. CITY OF NEW YORK, Appellant.— Action to recover damages for injuries sustained by plaintiff by reason of a fall upon an icy sidewalk. Judgment for plaintiff reversed on the law, with costs, and the complaint dismissed on the law, with costs. Findings of fact implicit in the verdict are disaffirmed. The case was presented to the jury on the theory, acquiesced in by the plaintiff, that the City would not be held responsible for the plaintiff's fall unless it occurred more than forty-eight hours after the cessation of the snowfall. The weather bureau meteorological survey, introduced in evidence by the plaintiff herself, showed that more than forty-eight hours had not elapsed after the snow ceased to fall and before plaintiff fell. The prima facie correctness of the weather bureau's reports was not overcome by any substantial evidence to the contrary. If, as contended by plaintiff, the weather reports are not to be regarded as evidence of general weather conditions, there is no credible testimony in the record upon which the jury could have concluded that a period of forty-eight hours had elapsed after the cessation of the snowfall and before she fell. Close, P. J., Hagarty, Johnston, Lewis and Aldrich, JJ., concur.

AXEL B. LARSON et al., Respondents, v. ETHEL LAWSON, Appellant.— Action to obtain reconveyance of real and personal property on the ground of failure of consideration. Judgment in favor of plaintiffs affirmed, with costs. No opinion. Close, P. J., Hagarty, Carswell and Adel, JJ., concur; Johnston, J., dissents and votes to reverse the judgment and to dismiss the complaint on the ground that plaintiffs failed to establish any cause of action.

MANUFACTURERS TRUST COMPANY, Plaintiff, v. SALLY MEERBAUM et al., Appellants. HUGH J. McCORMACK, as Receiver, Respondent.— Order directing appellants to turn over to a receiver in foreclosure rents collected by them on March 25, 1944, for the months of May and June, 1944, modified on the law and the facts by striking out the third ordering paragraph. As so modified, the order insofar as appealed from, is affirmed, with ten dollars costs and disbursements to appellants. The receiver was appointed on April 21st and qualified on April 22, 1944. However, he does not dispute that the rents falling due after his appointment and qualification but collected by appellants before his appointment were disbursed for the benefit of the property. Under such circumstances, the owner should not be compelled to turn over to the receiver the rents so collected. Close, P. J., Hagarty, Carswell, Adel and Lewis, JJ., concur.