FRIEDA ROSTON et al., Plaintiffs, *v.* THIRD AVENUE TRANSIT CORPORATION et al., Defendants.

Supreme Court, Trial Term, Bronx County, February 27, 1945.

*Frederick M. Garfield* for plaintiff.

*J. M. O'Neill* and *A. T. Davison* for Third Avenue Transit Corporation, defendant.

*Ignatius M. Wilkinson, Corporation Counsel (H. E. Cecil* of counsel), for City of New York, defendant.

McGEEHAN, J. From established precedents it appears to be fairly well established that the City of New York is charged with the duty to keep and maintain its streets and highways in a reasonably safe condition for the use of the public. For an unusual accumulation of snow and ice on a sidewalk, the City of New York may be held liable. (*Williams* v. *City of New York,* 214 N. Y. 259.) The duty of the city as to crosswalks is somewhat less exacting than its duty as to sidewalks. (See *Egan* v. *City of New York,* 175 App. Div. 358.) As to the highway which is not part of a sidewalk or crosswalk, the Court of Appeals has reversed a judgment in favor of an injured pedestrian whose injury arose by virtue of an unusual accumulation of snow and ice on the highway. (*Lichtenstein* v. *The Mayor,* 159 N. Y. 500.) The prevailing opinion states in part on page 504, as follows: " The only negligence that can be imputed to the city is that it failed to remove from the bed of

the street the ridges of snow upon which the plaintiff stepped when injured. There is no such duty imposed by the law, in my opinion, upon the authorities of cities. Such a rule of responsibility would be so unreasonable and oppressive that it need not be considered in discussing questions of liability for accidents of this character. The storms of winter in this climate produce conditions on the streets of great cities favorable to the occurrence of such accidents."

Now when a portion of the highway is set aside as a safety zone, does the law increase the duty of the City of New York to remove the snow and ice that has precipitated thereon? The safety zone is merely a part of the general highway which has been set aside in the course of the regulation of traffic and in the exercise of police power as a place for the use of pedestrians and where vehicles are to be excluded. Since, ordinarily, vehicles and pedestrians have co-ordinate rights as to the highways, each subject to prescribed rules of conduct and standards of care in the use thereof, the exclusion of vehicles from the specific area in effect gives to the pedestrian the sole right to be in that area. The court finds no further invitation, expressed or implied, to pedestrians to enjoy advantages beyond the protection thus afforded.

To protect pedestrians in a safety zone from vehicles does not carry with it, *ipso facto,* an increase in the duty of the City as to the removal of snow and ice. Of course, where the safety zone is coterminous in whole or in part with a crosswalk, then the duty of the city as to crosswalks may be invoked. Upon the facts presented to this court, the court grants the motion to dismiss the complaint as against New York City upon the grounds that actionable negligence has not been established as against the city.

The motion to dismiss as to the codefendant Third Avenue Transit Corporation is denied. (See *Schwartz* v. *Brooklyn & Queens Transit Corp.,* 264 App. Div. 905.)