■ ZACHAROULA P. MATSA, Appellant, v. SAMUEL M. MATSA, Respondent. — Order of the Supreme Court, Queens County, dated March 11, 1968, affirmed, without costs. The moving papers do not show a change of circumstances warranting a hearing. Christ, Acting P. J., Brennan, Hopkins, Benjamin and Martuscello, JJ., concur.

■ PATRICK MONAHAN, Respondent, v. CITY OF NEW YORK, Appellant.— In a negligence action to recover damages for personal injuries sustained when plaintiff slipped and fell on a patch of ice on a crosswalk, defendant appeals from a judgment of the Supreme Court, Kings County, entered May 16, 1967, in favor of plaintiff upon a jury verdict. Judgment reversed, on the law and the facts, with costs, and complaint dismissed, without costs. Viewing the facts most favorably to plaintiff, we are of the opinion that he failed to establish any negligence on the part of defendant (cf. *McGuire* v. *City of New York,* 24 A D 2d 496, affd. 18 N Y 2d 880; *Dupont* v. *Village of Port Chester,* 204 N. Y. 351, 353–354; *Egan* v. *City of New York,* 175 App. Div. 358; *Adams* v. *City of New York,* 257 App. Div. 986). We are also of the opinion that reversal would be required in any event because of the absence of credible evidence necessary to support a finding of liability under the trial court's charge to the jury. The case was submitted to the jury on the theory, acquiesced in by plaintiff (see *Buckin* v. *Long Is. R. R. Co.,* 286 N. Y. 146, 149), that defendant could not be held liable to plaintiff unless the accident occurred more than 48 hours after the cessation of the snowfall. The United States Weather Bureau's reports, introduced in evidence without objection, showed that 48 hours had not elapsed between the end of the snowfall and the accident. The prima facie correctness of those reports was not overcome by any substantial evidence to the contrary. If, as contended by plaintiff, the reports should not be regarded as evidence of general weather conditions, we find no credible testimony in the record upon which the jury could have concluded that more than 48 hours had elapsed between the cessation of the snowfall and the accident (*Kwiatkowski* v. *City of New York,* 268 App. Div. 1047). Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Munder, JJ., concur.